**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRANDON KEITH BURCHAM,** | ) | |
| **ID # 02137918,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:19-CV-2314-E-BH** |
| | ) | |
| **BLAKE LAMB, Senior Warden,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on September 30, 2019 (doc. 1), should be **DENIED** with prejudice.

**I.      BACKGROUND**

Brandon Keith Burcham (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges the May 18, 2017 judgments in Cause No. 31373 in the 354th Judicial District Court of Hunt County, Texas, under 28 U.S.C. § 2254.  (*See* doc. 1 at 2.)  The petition names Daniel Dickerson as the respondent (Respondent).  (*See id.* at 1.)

**A.      State Court Proceedings**

On October 28, 2016, Petitioner was indicted for murder (Count One), accident involving personal injury or death (Count Two), and driving while intoxicated 3rd or more (Count Three) in Cause No. 31373 in the 354th Judicial District Court of Hunt County, Texas.  (*See* doc. 8-12 at 28-29.)   After he pleaded not guilty, a jury found him guilty of Count One and Count Two and

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

sentenced him to life imprisonment and 20 years' imprisonment, respectively, on May 24, 2017. (*See id.* at 156-60, 163-67.)  The prosecution's motion for dismissal of Count Three, based on its abandonment of the count, was granted the same day.  (*See id.* at 169.)  Petitioner filed an appeal raising issues related only to his conviction and sentence on Count One, and on October 18, 2018, the judgment was affirmed by the state intermediate appellate court.  (*See* doc. 8-1); *Burcham v. State*, No. 05-17-00703-CR, 2018 WL 5077794 (Tex. App.—Dallas Oct. 18, 2018, pet. ref'd).  On January 30, 2019, the Texas Court of Criminal Appeals refused his petition for discretionary review (PDR).  *See Burcham v. State*, No. PD-1263-18 (Tex. Crim. App. Jan. 30, 2019).  Petitioner did not file a state application for a writ of habeas corpus.  (*See* doc. 1 at 3; doc. 9-1.)

**B.    Substantive Claims**

The § 2254 petition asserts the following grounds for relief:

(1) Intoxicated Manshalughter [sic] is a lesser included offense of Felony Murder under Texas Penal Code Article 19.02(b)(3);

(2) Trial Court's denial of request for jury instruction to include lesser included offense of Intoxicated Manslaughter was Constitutional error warranting reversal of sentence; and

(3) Trial Court's denial of request for jury instruction to include lesser include [sic] offense of Intoxicated Mansalughter [sic] deprived Petitioner of due process under 14th Amendment.

(doc. 1 at 6-7.)  Respondent filed a response on January 23, 2020.  (*See* doc. 9.)  Petitioner did not file a reply.

## II.    PROPER RESPONDENT

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla,* 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("the petition must name as respondent the

state officer who has custody" of the petitioner).  Generally, the only proper respondent is "'the person' with the ability to produce the prisoner's body before the habeas court.'"  *Rumsfeld*, 542 U.S. at 435.  "[I]n habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]"  *Id.*

Because Petitioner challenges a sentence that has resulted in his incarceration in the TDCJ-CID under § 2254, either the warden of the institution where he is incarcerated or the chief officer in charge of state penal institutions (Bryan Collier, Director of TDCJ–CID) is a proper respondent. *See id.;* Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions.") (internal citation omitted).  Here, Petitioner named as Respondent Daniel Dickerson, who is the current Senior Warden of the TDCJ-CID's Allan B. Polunsky Unit and appears to be a former Warden of the W.J. "Jim" Estelle (Estelle) Unit, where Petitioner is incarcerated.  (*See* doc. 1 at 1); https://www.tdcj.texas.gov/unit_directory/tl.html (last visited June 29, 2022).  The Senior Warden of the Estelle Unit is now Blake Lamb, however. *See* https://www.tdcj.texas.gov/unit_directory/e2.html, (last visited June 29, 2022).  Under Federal Rule of Civil Procedure 25(d), when a public officer named in an official capacity ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d).  To the extent that Petitioner intended to name the current warden of his facility of incarceration as the respondent, current Senior Warden Lamb is hereby substituted as Respondent under Rule 25(d).  To the extent that Petitioner intended to name Warden Dickerson as the respondent, current Senior Warden Lamb should be substituted as the proper respondent.

### III.    APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).  Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions.  Under § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural."  *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact.  *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).  A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  As for the "unreasonable application" standard, a writ may issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*; *accord*

*Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). A petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142,149-52 (5th Cir. 2003). The AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams*, 529 U.S. at 403-04). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *See Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (holding that a denial signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Section 2254(d)(2) concerns questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings

unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

## IV.    LESSER INCLUDED OFFENSE

Petitioner's three grounds for relief involve the alleged lesser included offense of intoxication manslaughter to the murder charge as alleged in Count One of the indictment.[2]  (*See* doc. 1 at 6-7.)   Petitioner contends, respectively, that intoxication manslaughter "is a lesser included offense of Felony Murder under Texas Penal Code Article 19.02(b)(3)," that the trial court's "denial of request for jury instruction to include lesser included offense of Intoxicated Manslaughter was Constitutional error warranting reversal of sentence," and that the denial of the request "deprived Petitioner of due process under 14th Amendment." (*Id.*; *see also id.* at 13.)  He argues that had his "requested jury instruction been given, the trial court could have sentenced [Petitioner] to probation, or, alternatively, the jury could have sentenced him to between two and twenty years in the penitentiary, making him eligible for parole after serving between six months and five years." (*Id.* at 12.)

Here, the record shows that Petitioner was charged with and convicted of murder under Texas Penal Code § 19.02(c).  (*See* doc. 8-12 at 28, 156-60.)  Count One of the indictment specifically alleged that on August 13, 2016, Petitioner:

> did then and there commit or attempt to commit an act clearly dangerous to human life, to-wit: striking **James Wylie** with a motor vehicle, that caused the death of **James Wylie**, and the defendant was then and there in the course of committing a

---

[2] Petitioner refers to the alleged lesser included offense at issue in his petition as "intoxicated manslaughter."  (*See* doc. 1 at 6-7, 11-13.)  It appears to be called "intoxication manslaughter" under Texas law.  *See* Tex. Pen. Code § 49.08.

> felony to-wit: **driving while intoxicated – 3rd or more**, and the said death of **James Wylie** was caused while the defendant was in the course of or in the furtherance of or in the immediate flight from the commission of said felony.

(doc. 8-12 at 28 (emphasis in original).)  Prior to trial, the trial court heard arguments from both parties about including an instruction in the jury charge on intoxication manslaughter as a lesser included offense of the murder charge alleged in Count One.  *See Burcham*, 2018 WL 5077794, at *3.  The trial court rejected defense counsel's argument and stated it would not charge the jury on the lesser included offense of intoxication manslaughter.  *See id.*  After the evidence portion of the trial concluded, but before the jury began deliberations, defense counsel asserted a continuing objection to the denial of an instruction on the lesser included offense of intoxication manslaughter, the submission of which the trial court again denied.  *See id.*

On direct appeal, Petitioner raised the same grounds alleged in his § 2254 petition.  (*See* doc. 1 at 6-7); *Burcham*, 2018 WL 5077794, at *1.  Assuming, without deciding, that intoxication manslaughter was a lesser included offense of the murder charge as alleged in the indictment, the state intermediate appellate court concluded that Petitioner "cannot prevail under this second prong [for determining whether a charge on a lesser included offense is needed] because the evidence does not show that, if he is guilty, he is guilty only of intoxication manslaughter." *Burcham*, 2018 WL 5077794, at *6.  It overruled Petitioner's constitutional claims because he failed to preserve them for appellate review.  *See id.* at *8.  In his PDR, Petitioner again argued that intoxication manslaughter was a lesser included offense of the murder charge as alleged in the indictment, and that the trial court's denial of the request for a jury instruction on the alleged lesser included offense resulted in constitutional error.  (*See* doc. 8-6.)  The Texas Court of Criminal Appeals refused the PDR.[3]  *See Burcham*, No. PD-1263-18 (Tex. Crim. App. Jan. 30, 2019).

---

[3] Because the Texas Court of Criminal Appeals refused Petitioner's PDR without a written order, the Court "'look[s] through' the unexplained decision to the last related state-court decision that does provide a relevant rationale," in this

Trial court rulings are matters of state law which are not subject to reexamination by the federal courts. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).  If an erroneous trial court ruling does not violate a specific federal constitutional right, a federal court may only grant habeas relief on such error when the error "renders the petitioner's trial fundamentally unfair."  *Gochicoa v. Johnson,* 118 F.3d 440, 446 (5th Cir. 1997).

Petitioner argues that the trial court's denial of a requested jury instruction on the lesser included offense of intoxication manslaughter "violated his Constitutional right to due process under the 14th Amendment."  (doc. 1 at 13.)  Even assuming for purposes of this motion only that intoxication manslaughter was a lesser included offense of his murder charge under Texas law, however, the Fifth Circuit has repeatedly held that in a non-capital murder case, as here, "'the failure to give an instruction on a lesser included offense does not raise a federal constitutional issue.'"  *Creel v. Johnson,* 162 F.3d 385, 390 (5th Cir. 1998) (quoting *Valles v. Lynaugh,* 835 F.2d 126, 127 (5th Cir. 1988)); *see also Alexander v. McCotter,* 775 F.2d 595, 601 (5th Cir. 1985).  Accordingly, Petitioner has failed to show that the state court's decision rejecting his arguments relating to the alleged lesser included offense of intoxication manslaughter was an unreasonable application of clearly established federal law or an unreasonable application of the facts in the light of the evidence presented.  His claims should be denied.[4]

---

case, the state intermediate appellate court's decision, and presumes that the Texas Court of Criminal Appeals adopted the same reasoning.  *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

[4] The § 2254 petition also indicates that Petitioner is challenging his conviction or 20-year sentence on Count Two. (*See* doc. 1 at 2.)  He failed to allege any grounds for relief or raise any arguments regarding Count Two, however. To the extent the § 2254 petition may be liberally construed as seeking federal habeas relief based on his conviction or sentence on Count Two, he has failed to show any basis for relief, and his claims should be denied.

## V.     RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on September 30, 2019 (doc. 1), should be **DENIED** with prejudice.

**SIGNED this 30th day of June, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE